**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GARY D. SMITH,

    Plaintiff,

v.                                                                     No. CV 13-1011 MCA/CEG

BCMDC,
FACILITY DIRECTOR,
COUNTY COMMISSIONERS,
DR. TRAPP,
DR. MCMURRAY,
GOV. SUSANA MARTINEZ,
KARI BRANDENBURG,
TERRI KELLER,
BENNETT BAUR,
CINDY LEOS,
STAN WHITAKER,
LAURA--PAC III, DR. EIDE,
DR. HAMILTON,
ALL PSU MEDICAL PERSONNEL,
MED I PERSONNEL,
UNMH,
DR. BRUCE MATHIS,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints (Docs. 1, 4, 8, 9, 10, 11) (together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that Defendants have denied him medical treatment for a number of serious medical conditions.  Specifically, he first alleges that Defendants Trapp and McMurray have refused to continue prescribing a number of medications that he was taking before his incarceration.  Plaintiff identifies his medical conditions as deficient immune system, hernia, hearing problems, cracked teeth, and injury to his right shoulder.  Defendants Dr. Eide, Laura--PAC III, and Dr. Hamilton ignored his complaints about a hernia for months and refused to provide surgery for the condition.   After he finally underwent hernia surgery, medical staff at both the hospital and the detention center denied him pain medication and antibiotics.  Plaintiff also alleges in his first amended complaint (Doc. 4) that his incarceration resulted from a conspiracy between a district attorney, a public defender, and a state district judge. These three Defendants also ignored Plaintiff's pleas for help with his medical problems.  Plaintiff contends that Defendants' actions violated his rights under the Eighth, Ninth, and Fourteenth Amendments. The complaint seeks damages.

As noted above, the original complaint alleges that Defendants Trapp and McMurray refused to continue prescribing certain medications.  The complaint also names the detention

2

facility's (unnamed) director and county commissioners but makes no allegations against these unnamed Defendants affirmatively linking them to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss claims in the original complaint against Defendants BCDMC Facility Director and County Commissioners.

No relief is available on Plaintiff's claims in the first amended complaint (Doc. 4). Plaintiff alleges that certain prosecution and defense attorneys have ignored his complaints about inadequate medical treatment at the detention center. Because these Defendants are not corrections officers and were not involved with Plaintiff's medical care, "[h]is formulaic recitation that these defendants knew of his condition and were deliberately indifferent to it fails to demonstrate an affirmative link to the alleged constitutional violation." *Conley v. McKune*, 529 F. App'x 914, 921 (10th Cir. 2013). He also alleges that he has heard rumors that these attorneys and a state district judge conspired to have him incarcerated. "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Durre v. Dempsey,* 869 F.2d 543, 545 (10th Cir. 1989), *quoted in Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). "[T]he pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). The first amended complaint does not satisfy pleading requirements for a § 1983 complaint and will be dismissed.

The second and third amended complaints (Doc. 8, 9) assert a number of violations of Plaintiff's right to medical treatment. Plaintiff alleges that Defendants Laura—PAC III, Eide,

Hamilton, and Trapp denied him treatment for hearing loss, cracked teeth, and a hernia. He again names the Facility Director and County Commissioners, as well as All PSU Medical Personnel, as Defendants. For the same reasons set out above, Plaintiff's claims in the second and third complaints against the director and commissioners will be dismissed. Furthermore, his claims against All PSU Medical Personnel fail to "make clear exactly *who* is alleged to have done *what* to *whom,* [and] provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (italics in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570). The Court will dismiss claims in the second and third amended complaints against Defendants BCDMC Facility Director, County Commissioners, and All PSU Medical Personnel.

The fourth and fifth amended complaints (Doc. 10, 11) allege that, after Plaintiff underwent hernia surgery, Defendants Trapp and Mathis failed to provide pain medication and antibiotics. No relief is available on these claims because Plaintiff does not allege serious pain or an infection that required the treatment he claims was denied. Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff's disagreement with his post-surgery treatment does not state a claim under the Eighth Amendment, *see Green v. Hininger*, No. 13-7068, 2014 WL 685382, at *4 (10th Cir. Feb. 24, 2014) (dismissing appeal of claim for performing minor surgical procedure on the plaintiff without anesthesia as frivolous); *Perkins v. Kansas Dep't of Corr.,* 165 F.3d 803, 811 (10th Cir. 1999), and the Court will dismiss the fourth and fifth amended complaints (Doc. 10, 11).

IT IS THEREFORE ORDERED that Plaintiff's fifth motion for leave to proceed under 28

U.S.C. § 1915 (Doc. 21) is DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's first, fourth, and fifth amended complaints (Docs. 4, 10, 11) are DISMISSED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants BCMDC, Facility Director, County Commissioners, Gov. Martinez, Brandenburg, Keller, Baur, Leos, Whitaker, PSU Medical Personnel (Med I Personnel), Recovery Room Personnel, UNMH, and Mathis are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of this Order and the original and second and third amended complaints (Docs. 1, 8, 9), for Defendants Trapp, McMurray, Laura--PAC III, Eide, and Hamilton at the Bernalillo County Metropolitan Detention Center.

_____
UNITED STATES DISTRICT JUDGE